## John Maier, Administrator, Appellee, v. Chicago City Rail=way, Appellant.

### Gen. No. 15,919.

1. STATUTE OF LIMITATIONS—*when declaration does not set up new cause of action.* If the cause of action set up in the amended count is merely a correct statement of the cause of action defectively stated in the original counts, a new cause of action is not set up and the Statute of Limitations does not apply.

2. TRIAL—*when overruling of challenge will not reverse.* Even though a challenge to a jury be improperly overruled such ruling will not reverse where the party who made the challenge does not exhaust his peremptory challenges.

3. EVIDENCE—*when ordinance incompetent.* In an action on the case for personal injuries an ordinance is incompetent unless the evidence brings the cause within the terms of the ordinance.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Cook county; the HON. THOMAS G. WINDES, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed December 21, 1911. *Certiorari* denied by Supreme Court (making opinion final).

FRANKLIN B. HUSSEY, C. LE ROY BROWN and P. W. WEMPLE, for appellant.

QUIN O'BRIEN and LAWRENCE W. POTTER, for appellee; RINGER, WILHARTZ & LOUER, of counsel.

MR. JUSTICE SMITH delivered the opinion of the court.

The appellee, hereinafter called the plaintiff, obtained a verdict against the appellant, hereinafter called the defendant, and the court entered judgment thereon for the sum of $10,000.

The plaintiff's intestate in an attempt to reach his home boarded a south bound Wentworth avenue car at Clark and Harrison streets, and by reason of the crowded condition of the car, with four or five others

stood upon the right hand front step of the car facing south and holding onto an upright iron bar. He paid his fare and near Twelfth street was struck by an iron pole alongside the track that was used by defendant to support its electric wires. The questions of fact pertaining to the motion and speed of the car, the distance between the pole and the track and also the side of the car, and the conduct of the decedent pertaining to the movements of his body just prior to and at the time he was struck, whether the motorman warned the decedent of impending danger in his position, and other circumstances in connection therewith, were in controversy. The only serious question, in our minds, in consideration thereof is whether or not the decedent was guilty of contributory negligence. The position the decedent was permitted to take and occupy as a passenger was a dangerous one, and as an ordinarily prudent man he was required to exercise care and caution commensurate therewith. That he was struck and killed by coming in contact with the said pole was admitted, but the cause of his body extending beyond the side of the car far enough to strike the pole is by no means certain or clear from the evidence. There is evidence tending to show that the pole was about twelve inches from the side of the car, and also that a movement was made by the defendant about the time of being struck, in order to secure a transfer from the conductor. In the position of the decedent, standing on the step and hanging onto the side iron, it would not require much of a movement in shifting his position to bring him in contact with said pole if it stood as close to the car as plaintiff claims it did.

It is difficult to find from the record evidence of any particular act or conduct on his part that would warrant us in holding (contrary to the verdict of the jury) that such conduct was not that of a reasonably prudent man under like conditions and circumstances; unless it be held that the fact that he was hit by the pole or that

the taking the position he did under the circumstances constitued, either alone or considered together, contributory negligence, which we are not inclined to do. After careful and repeated examinations of all the evidence, we conclude that we should not disturb the verdict on the ground urged by defendant, that the decedent was guilty of contributory negligence as a matter of law.

The court did not err in sustaining the plaintiff's demurrer to the defendant's plea of the Statute of Limitations, for the reason the causes of action set out in the amended counts were not new and different than those defectively set out in the original counts, but the same causes of action. It is also complained that there was no demurrer filed by plaintiff to said plea of the Statute of Limitations. The order of the court was: "This cause coming on to be heard upon the demurrer to the defendant's plea of statute of limitations filed in said cause after arguments of counsel and due deliberation by the court said demurrer is sustained." It is apparent that the court heard counsel on a demurrer *ore tenus*, and while the practice is not now usual, and is not commended, we know of no rule of law that prohibits the same.

We consider the objections made to the rulings of the court on the examination of the jury and to remarks of plaintiff's counsel not well taken. Whether the court improperly overruled the defendant's challenge for cause as to Mr. Gluck, whom it then challenged, peremptorily, is not material, for the reason that it appears from the record that the defendant on its examination of the jury on the *voir dire* did not exhaust its peremptory challenges, and its cause was tried by an impartial jury. The defendant not being prejudiced by the court refusing to allow the said challenge for cause, there was no error. Graff v. The People, 208 Ill. 312.

The defendant introduced in evidence an ordinance of the City of Chicago as follows: "All new overhead construction shall consist of one (1) trolley wire suspended over each track by span wires attached to poles set at the curb line or suspended from brackets attached to poles;" and offered an instruction: "The court instructs the jury that the City of Chicago by virtue of the section of the city ordinances introduced in evidence, fixed the location of the poles at the curb line and," etc., which the court refused to give. There was no evidence that the pole was set or the said line constructed under said ordinance, or that it was new construction, but the evidence tended to show that the line was constructed and the pole set prior to the passage of the said ordinance, and it was therefore not error to refuse the said instruction.

The jury was fully and properly instructed, and the criticisms of the instructions given on behalf of the plaintiff are hypercritical and without merit.

The judgment is affirmed.

*Affirmed.*